FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

APR 16 2007

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF ARKANSAS

THE ESTATE OF ROBERT H. ALLEN,

    Plaintiff,

v.                                                          CIVIL ACTION NO. 4:07-CV00000428

LITTLE ROCK, ARKANSAS POLICE DEPARTMENT,
KELLY LEPORE, Employee No. 23693,
Individually and in his official capacity as
a Police Officer for the Little Rock, Arkansas
Police Department, OFFICER KISER, Employee No. 24504,
Individually and in his official capacity
as a Police Officer for the Little Rock, Arkansas
Police Department, SERGEANT WILSON,
Individually and in his official capacity as a Police Officer for the
Little Rock, Arkansas Police Department,
LIEUTENANT D. JACKSON, Employee No. 13342,
Individually and in his official capacity as
a Police Officer for the Little Rock, Arkansas
Police Department, LITTLE ROCK, ARKANSAS
FIRE DEPARTMENT and RAYMOND GUNTHER,
Individually and in his official capacity as a
CPT for the Little Rock, Arkansas Fire Department,

    Defendants.

This case assigned to District Judge Wilson
and to Magistrate Judge Young

## COMPLAINT FOR DAMAGES

**COMES NOW** the Plaintiff, the ESTATE OF ROBERT H. ALLEN, and files this Complaint for violations of the civil rights of the deceased, Robert H. Allen, as guaranteed by the U.S. Constitution and for its pendent state law claims, under Ark. Code Ann. §16-62-102 and would show the court as follows:

## **PARTIES**

1. The Plaintiff, the ESTATE OF ROBERT H. ALLEN is a duly authorized estate under Arkansas Probate Law in the case of: In the Matter of: The Estate of Robert H. Allen, Deceased, Pulaski County Probate Case No. PDE-2006-0557.

2. The Defendant, Little Rock Police Department, is located in Little Rock, Pulaski County, Arkansas and the Chief of Police may be served at 700 W. Markham Street, Little Rock, Arkansas 72201.

3. The Defendant, Officer Kelly Lepore, is believed to be a resident of Little Rock, Pulaski County, Arkansas, and this suit is brought against him/her in his/her individual and official capacity as a police officer for the City Little Rock, Arkansas. Defendant Officer Kelly Lepore may be served at 700 W. Markham Street, Little Rock Arkansas.

4. The Defendant, Officer Kiser, is believed to be a resident of Little Rock, Pulaski County, Arkansas, and this suit is brought against him/her in his/her individual and official capacity as a police officer for the City Little Rock, Arkansas. Defendant Officer Kiser may be served at 700 W. Markham Street, Little Rock Arkansas.

5. The Defendant, Sergeant Wilson, is believed to be a resident of Little Rock, Pulaski County, Arkansas, and this suit is brought against him/her in his/her individual and official capacity as a police officer for the City Little Rock, Arkansas. Defendant Sergeant Wilson may be served at 700 W. Markham Street, Little Rock Arkansas.

6. The Defendant, Lieutenant D. Jackson, is believed to be a resident of Little Rock, Pulaski County, Arkansas, and this suit is brought against him/her in his/her

individual and official capacity as a police officer for the City of Little Rock, Arkansas. Defendant Lieutenant D. Jackson may be served at 700 W. Markham Street, Little Rock Arkansas.

7. The Defendant, Little Rock Fire Department, is located in Little Rock, Pulaski County, Arkansas and the Fire Chief may be served at 648 S. Chester, Little Rock, Arkansas.

8. The Defendant, Raymond Gunther, CPT, is believed to be a resident of Little Rock, Pulaski County, Arkansas, and this suit is brought against him in his individual and official capacity as a CPT for the City of Little Rock, Arkansas Fire Department. Defendant Raymond Gunther may be served at 648 S. Chester, Little Rock, Arkansas.

## JURISDICTION AND VENUE

9. This action arises under Title 42 U.S.C § 1983, § 1988 and the United States Constitution. Jurisdiction of this action is based on 28 U.S.C. § 1331, 28 U.S.C. § 1343 and 28 U.S.C. § 1367.

10. All events complained of occurred in Pulaski County, Arkansas.

11. Venue is properly situated in this Court as it is the appropriate District Court for claims arising out of events occurring in Pulaski County, Arkansas.

## AGENCY OF INDIVIDUALS

12. Defendant, Officer Kelly Lepore, is, and at all times mentioned was believed to be, a resident of the State of Arkansas.

13. At all times relevant to this action, Defendant, Officer Kelly Lepore, was a duly appointed and acting Police Officer for the Little Rock Police Department, Little Rock, Arkansas.

14. As such, Defendant, Officer Kelly Lepore was a duly appointed agent authorized to enforce the laws of Arkansas, and was so acting under color of the law of Arkansas at all times relevant to this action.

15. Defendant, Officer Kiser, is, and at all times mentioned is believed to be a resident of the State of Arkansas.

16. At all times relevant to this action, Defendant, Officer Kiser, was a duly appointed and an acting Police Officer for the City of Little Rock, Arkansas.

17. As such, Defendant, Officer Kiser was a duly appointed agent authorized to enforce the laws of Arkansas, and was so acting under color of the law of Arkansas at all times relevant to this action.

18. Defendant, Sergeant Wilson, is, and at all times mentioned was, a resident of the State of Arkansas.

19. At all times relevant to this action, Defendant, Sergeant Wilson, was a duly appointed and an acting Police Officer for the City of Little Rock, Arkansas.

20. As such, Defendant, Sergeant Wilson was a duly appointed agent authorized to enforce the laws of Arkansas, and was so acting under color of the law of Arkansas at all times relevant to this action.

21. Defendant, Lieutenant D. Jackson, is, and at all times mentioned was, a resident of the State of Arkansas.

22. At all times relevant to this action, Defendant, Lieutenant D. Jackson, was a duly appointed and an acting Police Officer for the City of Little Rock, Arkansas.

23. As such, Defendant, Lieutenant D. Jackson was a duly appointed agent authorized to enforce the laws of Arkansas, and was so acting under color of the law of Arkansas at all times relevant to this action.

24. Defendant, Curtis Johnson, M.D., is, and at all times mentioned was believed to be, a resident of the State of Arkansas.

25. At all times mentioned herein, Officer Kiser, was an agent and/or employee of the City of Little Rock, County of Pulaski, Arkansas and was acting within the course and scope of said agency and/or employment.

26. At all times mentioned herein, Sergeant Wilson, was an agent and/or employee of the City of Little Rock, County of Pulaski, Arkansas and was acting within the course and scope of said agency and/or employment.

27. At all times mentioned herein, Lieutenant D. Jackson, was an agent and/or employee of the City of Little Rock, County of Pulaski, Arkansas and was acting within the course and scope of said agency and/or employment.

28. Arkansas and was acting within the course and scope of said agency and/or employment.

## FACTUAL BACKGROUND

29. On or about April 17, 2004, at approximately 7:19 p.m., Plaintiff Robert H. Allen, deceased, was visiting a friend at 1506 Martin Luther King, Little Rock, Arkansas.

30. Mr. Allen was, at all times, confined to a wheel chair as his left lower extremity was amputated.

31.     At no relevant time was Mr. Allen armed with any weapon.

32.     The Defendant Police Officers arrived at 1506 Martin Luther King, Little Rock, Arkansas, due to an assistance call from a member of the Little Rock, Arkansas Fire Department, Raymond Gunther.

33.     Mr. Allen refused medical treatment from the Little Rock Fire Department and MEMS employees and simply asked to be left alone.

34.     The Defendant Raymond Gunther and additional Fire Department employees assisting Defendant Gunther, maintained that Mr. Allen was in need of medical attention, notwithstanding the fact that Mr. Allen declined same.

35.     Even though Mr. Allen chose to refuse medical treatment, Defendant Officer Wilson willfully, intentionally, and wantonly used a deadly weapon, a taser gun, to shock Mr. Allen on different parts of his body at least four (4) times.

36.     Against his will, Mr. Allen was then taken by employees of MEMS to the University of Arkansas Medical Center.

37.     Upon arriving at the University of Arkansas Medical Center, Mr. Allen was taken to the emergency room and unknown staff members of the University of Arkansas Medical Center began treating Mr. Allen's right lower extremity for the incision opening.

38.     As a result of being repeatedly shot by Defendants Wilson's taser gun, Mr. Allen went into cardiac arrest and died.

39.     As of April 17, 2004, Mr. Allen had no outstanding warrants, tickets, or offenses issued out of the City of Little Rock, Arkansas.

## CAUSES OF ACTION

## COUNT I

### 4TH AMENDMENT VIOLATION
### USE OF EXCESSIVE FORCE

40. Plaintiffs repeat the allegations contained hereinabove as though set forth verbatim.

41. The Defendants exerted excessive force upon Robert H. Allen causing his death.

42. As a direct and legal result of the foregoing, Mr. Allen suffered burn injuries to his body from the taser gun which ultimately caused cardiac arrest resulting in Mr. Allen's death.

## COUNT II

### 4TH AMENDMENT VIOLATION
### DUE TO UNREASONABLE SEIZURE

43. Plaintiffs repeat the allegations contained hereinabove as though set forth verbatim.

44. As a result of the foregoing facts, the Defendants violated Mr. Allen's rights under the Fourth Amendment to be secure in his person from unreasonable seizures as the Defendants did not have a warrant for his arrest, any reason to arrest or detail Mr. Allen or probable cause to believe that Mr. Allen committed any crime.

## COUNT III

## 4TH AMENDMENT VIOLATION
## FOR UNLAWFUL ARREST

45.     Plaintiffs repeat the allegations contained in hereinabove as though set forth verbatim.

46.     Defendants, without a warrant and without probable cause, took custody of Mr. Allen in violation of Mr. Allen's Fourth Amendment right to be secure in their person from unreasonable seizure and their Fourteenth Amendment right not to be deprived of their liberty without due process of law.

47.     As a direct and legal result of the foregoing, Mr. Allen was killed.

48.     At all times herein mentioned, all Defendants were acting under color of law.

49.     The actions of Officer Lepore, Officer Kiser, Sergeant Wilson, and Lieutenant D. Jackson, were reckless and grossly negligent and caused Plaintiffs damage consisting of the death of their father.

50.     The actions of Officer Lepore, Officer Kiser, Sergeant Wilson and Lieutenant D. Jackson were motivated by evil motive or intent and involved reckless and callous indifference to the federally protected rights of others entitling Plaintiffs to punitive damages.

## COUNT IV

## DEPRIVATION OF DUE PROCESS

51.     The above-described actions of Defendants while agents, servants or employees of the Little Rock City Police Department, Arkansas, subjected Mr. Allen to a deprivation of rights and privileges secured to Mr. Allen by the Constitution and laws of

the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

52. The above-described actions of Defendants while agents, servants or employees of the Little Rock City Fire Department, Arkansas, subjected Mr. Allen to a deprivation of rights and privileges secured to Mr. Allen by the Constitution and laws of the United States, including the due process clause of the Fourteenth Amendment to the Constitution of the United States, within the meaning of 42 U.S.C. § 1983.

## COUNT V

### 4TH AMENDMENT VIOLATION
### FOR FAILURE TO PROTECT MR. ALLEN

53. Plaintiffs repeat the allegations contained hereinabove as though set forth verbatim.

54. Defendants, Officer Kelly Lepore, Officer Kiser, and Lieutenant D. Jackson or some of them, placed Mr. Allen in a position of danger, to wit; having his person seized without probable cause and without a warrant, subjecting him to excessive force and causing his death.

55. Defendants had the then present ability to protect Mr. Allen from harm.

56. The Defendants had the ability to prevent Officer Wilson from using excessive force and from repeatedly shooting Mr. Allen with the taser gun, but intentionally and/or recklessly and with gross negligence, failed to do so.

## COUNT VI

### AGAINST ALL DEFENDANTS
### ATTORNEY'S FEES

57. Plaintiffs repeat the allegations contained hereinabove as though set forth verbatim.

58. If Plaintiffs prevail in this action on Mr. Allen's civil rights claims by settlement or otherwise, Plaintiffs are entitled to and hereby demand attorney's fees under 42 U.S.C. § 1988.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1. That Plaintiff be awarded special damages for medical, hospital and doctors expenses incurred, according to proof;

2. That Plaintiff, be awarded compensatory damages in the amount of Twenty Million Dollars ($20,000,000.00) for the benefit of the statutory beneficiaries of the Estate of the deceased;

3. That Plaintiff be awarded punitive damages in the amount of Twenty Million Dollars ($20,000,000.00);

4. That a jury be empanelled to try the issues which joined; and

5. Such further relief as the Court may deem just and equitable.

Respectfully submitted,

MARK S. CARTER, P.A.

*Mark S. Carter*
MARK S. CARTER       #94120
Attorney for Plaintiff
835 Faulkner Street
Conway, Arkansas 72034
(501) 327-7400